IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL KENT CURTIS                                                                  PLAINTIFF

V.                                          4:10CV001959 JMM

JANET TROUTMAN WARD                                                         DEFENDANT

## ORDER GRANTING MOTION TO DISMISS

Pending is the Defendant's Motion to Dismiss. After two extensions of time, Plaintiff has failed to respond to the motion. For the reason set forth below, the Motion is GRANTED.

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

Plaintiff filed this Title VII suit on November 29, 2010. As required, Plaintiff attached his Dismissal and Notice of Rights, also known as a Right to Sue letter, from the Equal Employment Opportunity Commission ("EEOC"). The Right to Sue letter was mailed to Plaintiff by the EEOC on February 24, 2010. 42 U.S.C. § 2000e-5(f)(1) provides that an action to enforce rights under Title VII must be filed within 90 days after the plaintiff receives a Right to Sue letter from the EEOC. According to the pleadings, Plaintiff failed to file his Complaint within 90 days of receipt of the EEOC's letter. Therefore, Plaintiff's Complaint is time-barred. *See Williams v. Thomson, Corp.,* 383 F.3d 789 (8th Cir. 2004); *Maeqdlinv. Int'l Ass'n of Mach. & Aerospace Workers, Dist. 949,* 309 F.3d 1051 (8th Cir. 2002).

Accordingly, Defendant's Motion to Dismiss (Docket # 10) is GRANTED. The case is dismissed with prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED this 23rd day of February, 2011.

James M. Moody
United States District Judge